IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TECOMET, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )    C.A. NO. 04-10424 DPW |
| v. | ) |
| | ) |
| JAMES ATKINSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant James Atkinson ("Atkinson" or "Defendant"), by counsel, hereby answers the Complaint And Demand For Jury Trial of Tecomet, Inc. ("Tecomet" or "Plaintiff"), as follows:

1.    Plaintiff Tecomet, Inc. is a Massachusetts corporation having its principal place of business at 207 Lowell Street, Wilmington, Massachusetts 01887-3379.

   **ANSWER:**  Defendant admits the allegations of Paragraph 1, except that Defendant is without knowledge or information sufficient to form a belief as to whether Tecomet is a Massachusetts corporation, and accordingly denies such allegation.

2.    Defendant James Atkinson ("Atkinson") is a resident of Virginia.

   **ANSWER:**  Defendant admits the allegations of Paragraph 2.

3.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has personal jurisdiction over the Defendant pursuant to Mass. G.L. Ch. 223A, §§3(a), (b), (c), and/or (d).

   **ANSWER:**  The allegations of Paragraph 3 state a conclusion of law to which no answer is required.

4.    Venue is proper in this Court under 28 U.S.C. §§1391(a)

> **ANSWER:** The allegations of Paragraph 4 state a
> conclusion of law to which no answer is required.

5.    Tecomet, Inc. and its predecessors ("Tecomet") have provided and continue to

provide the highest quality, precision net-shape forgings, precision machining, photochemical

etching, precision assemblies, drawn metal configurations and custom manufactured products for

the biomedical and high technology markets.

> **ANSWER:** Defendant admits that Tecomet has in the
> past engaged in precision machining, photochemical
> etching, and precision assembly for biomedical and
> technology applications. Defendant is without
> knowledge or information sufficient to form a belief as to
> the truth of the remainder of the allegations of Paragraph
> 5, and so denies same.

6.    Tecomet was formerly a division of Thermo Electron Corporation ("Thermo").

Tecomet became a subsidiary of Thermo Biomedical. Inc. when Tecomet assigned all Tecomet

shares to Thermo Biomedical, Inc. - an entity now known as Viasys Healthcare Inc. ("Viasys").

Tecomet, therefore, is now a subsidiary of Viasys.

> **ANSWER:** Defendant admits that Tecomet was
> formerly a division of Thermo. Defendant is without
> knowledge or information sufficient to form a belief as to
> the truth of the remainder of the allegations of Paragraph
> 6, and so denies same.

7.    Tecomet retained the consulting services of Defendant James Atkinson in

connection with several projects beginning in December 1996 through at least March 2000.

During that time, Atkinson worked with and/or researched large image systems, collimator

technology, ion beam etching, electronic forms for invoices and small animal imaging systems.

> **ANSWER:** Defendant admits that he acted as a
> consultant to Tecomet on projects during portions of the

2

time frame alleged. Defendant denies that he so acted
during the entirety of the time frame alleged. Defendant
admits that during such projects he became involved with
aspects of large image systems, collimator technology,
ion beam etching, electronic forms for invoices and small
animal imaging systems. Defendant denies that he
"worked with" all such technologies, and that he
"researched" all such technologies.

8.    In connection with each of his consulting engagements with Tecomet, Atkinson

agreed not to disclose to others or use for his own benefit during his consulting relationship with

Tecomet or thereafter any trade secrets or Tecomet private information pertaining to any of the

actual or anticipated business of Tecomet or any of its customers, consultants or licensees,

acquired by him during the period of his consulting relationship.

**ANSWER:** Defendant denies the allegations of Paragraph 8.

9.    As a result of Atkinson's confidential consulting relationship with Tecomet, and

while he was in a position of responsibility, trust and confidence as a consultant for Tecomet,

Atkinson became intimately familiar with Tecomet's operations and technology, and was granted

access and acquired knowledge of certain trade secrets and confidential, private and proprietary

information that are the property of Tecomet and that pertain to its actual and/or anticipated

business and/or its customers, consultants, and/or licensees ("Tecomet Proprietary Information'")

including but not limited to:

(a)    certain methods and equipment (including tooling) to produce velcro, patchook,

and crosshook features including, but not limited to, etching techniques;

(b)    certain methods and techniques involving the combination of photochemical

etching and ion beam etching;

(c)    brazing and plating methods and techniques related to the use of the alloy, CuSil;

(d)    certain methods and techniques for the lithographic production of precision

equipment including, but not limited to, those related to the use of floating pins and epoxy; and

(e)    certain methods and techniques for the replication of lithographically derived,

stack laminated masters including, but not limited to, such processes as: i) designing molds, ii)

fabricating laminations, iii) stacking and assembling laminations, iv) producing castings, and v)

demolding castings.

> **ANSWER:**  Defendant denies that any consulting
> arrangement was confidential, and that he was as a
> consultant generally in a position of responsibility, trust
> and confidence.  Defendant admits that at times he was
> an outside consultant to Tecomet, and that position vested
> him with certain responsibilities, and that as a result of
> his consulting relationship he was granted access to
> certain aspects of Tecomet's operations and technology,
> some of which may be legally determined to be
> confidential, private or proprietary to Tecomet.
> Defendant does not know specifically to what the
> Plaintiff refers in speaking only of "certain trade secrets
> secrets and confidential, private and proprietary
> information that are the property of Tecomet and that
> pertain to its actual and/or anticipated business and/or its
> customers, consultants, and/or licensees," "certain
> methods and techniques" and "certain methods and
> equipment," as "certain" could refer to any of a number
> of different methods and techniques, and so Defendant is
> without knowledge or information sufficient to form a
> belief as to whether he had knowledge of whatever
> specific "certain" methods, techniques and equipment the
> Plaintiff is referring to in Paragraph 9 or subparagraphs
> 9(a)-(e), or whether such "certain methods, techniques
> and equipment" are confidential, private or proprietary to
> Tecomet.  The allegations regarding what information is
> "trade secrets" and "proprietary information" are
> conclusions of law to which no response is required.
> Defendant denies he became "intimately familiar" with
> any of Tecomet's operations and technology.  Defendant
> denies any familiarity or knowledge of subparagraphs (b)
> and (e). If any further response is required, Defendant
> denies that all of the subject matter potentially covered by
> Paragraph 9 and its subparagraphs are trade secrets or

confidential or proprietary information of Tecomet.
Defendant is without knowledge or information sufficient
to form a belief as to the truth of the remaining
allegations of Paragraph 9, and accordingly denies same.

10.    Atkinson was introduced to Tecomet through Michael Appleby. Appleby was and

is a close personal friend of Atkinson who was employed by Tecomet at the time Atkinson was

first retained as a consultant by Tecomet.

> **ANSWER:**  Defendant admits that he was introduced to
> Tecomet through Michael Appleby.  Defendant denies
> that at that time he was close personal friend of Michael
> Appleby.  Defendant is without knowledge or
> information sufficient to form a belief as to the truth of
> the allegations of Paragraph 10 relating to Michael
> Appleby's position or status with Tecomet at the time
> alleged, and so denies same.

11.    Between March 1988 and October 2000, Appleby was either an employee

involved in product development at Tecomet or a consultant providing similar services to

Tecomet.

> **ANSWER:**  Defendant is without knowledge or
> information sufficient to form a belief as to the truth of
> the allegations of Paragraph 11 relating to Michael
> Appleby's specific positions, status or responsibility with
> Tecomet at the various times alleged, and so denies same.

12.    Iain Fraser is also a former employee of Tecomet. Fraser was employed by

Tecomet from January 1997 to November 2000.  During his employment at Tecomet, Fraser

primarily worked for Appleby.

> **ANSWER:**  Defendant admits that Iain Fraser is a former
> employee of Tecomet.  Defendant is without knowledge
> or information sufficient to form a belief as to the truth of
> the allegations of Paragraph 12 relating to Iain Fraser's
> precise dates of employment.  Defendant has no personal
> knowledge, but believes that during his employment
> Fraser primarily worked for Appleby.

13.    As a result of Appleby's and Fraser's employment and consulting relationships with Tecomet, and while they were in positions of responsibility, trust and confidence at Tecomet, Appleby and Fraser became intimately familiar with Tecomet's operations and technology, and were granted access and acquired knowledge of Tecomet Proprietary Information including but not limited to:

(a)    certain methods and equipment (including tooling) to produce velcro, patchook, and crosshook features including, but not limited to, etching techniques;

(b)    certain methods and techniques involving the combination of photochemical etching and ion beam etching;

(c)    brazing and plating methods and techniques related to the use of the alloy, CuSil;

(d)    certain methods and techniques for the lithographic production of precision equipment including, but not limited to, those related to the use of floating pins and epoxy; and

(e)    certain methods and techniques for the replication of lithographically derived, stack laminated masters including, but not limited to such processes as: i) designing molds, ii) fabricating laminations, iii) stacking and assembling laminations, iv) producing castings, and v) demolding castings.

> **ANSWER:** Defendant admits that at various times
> Appleby held employment or consulting positions with
> Tecomet and that Fraser held employment positions with
> Tecomet, and that those positions vested those
> individuals with certain responsibilities, and further that
> as a result of those positions those individuals became
> familiar with certain aspects of Tecomet's operations and
> technology, some of which may have been confidential,
> private and proprietary to Tecomet. Defendant does not
> know specifically to what the Plaintiff refers in speaking
> only of "certain methods and techniques" and "certain
> methods and equipment," as "certain" could refer to any
> of a number of different methods and techniques, and so
> Defendant is without knowledge or information sufficient

to form a belief as to whether those individuals had
knowledge of whatever specific "certain" methods,
techniques and equipment the Plaintiff is referring to in
subparagraphs 13(a)-(e), or whether such "certain
methods, techniques and equipment" are confidential,
private or proprietary to Tecomet. The allegations
regarding what information is "trade secrets" and
"proprietary information" are conclusions of law to
which no response is required. If a response is required,
Defendant denies that all of the subject matter potentially
covered by Paragraph 13 and its subparagraphs are trade
secrets or confidential or proprietary information of
Tecomet. Defendant is without knowledge or
information sufficient to form a belief as to the truth of
the remaining allegations of Paragraph 13, and
accordingly denies same.

14.    In October 1999, while they were working for Tecomet. Atkinson and Appleby

were conspiring to misappropriate Tecomet Proprietary Information and start their own company

named P-10 Micro Engineering LLC ("P-10") to compete with Tecomet. Sometime thereafter,

Fraser became part of the conspiracy to misappropriate Tecomet Proprietary Information and

compete with Tecomet through MSI.

> **ANSWER:** Defendant denies the allegations of
> Paragraph 14. The allegations that certain information is
> "Tecomet Proprietary Information" are conclusions of
> law to which no response is required. If a response is
> required, Defendant denies said allegations. Defendant
> also adopts his responses to previous paragraphs defining
> "Tecoment Proprietary Information."

15.    P-10 eventually was dissolved and Atkinson and Appleby started a new company,

Mikro Systems, Inc. ("MSI") to carryout their plan to use Tecomet Proprietary Information to

compete with Tecomet.

> **ANSWER:** Defendant admits that P-10 was dissolved.
> Defendant denies the remainder of the allegations of
> Paragraph 15. The allegations that certain information is
> "Tecomet Proprietary Information" are conclusions of
> law to which no response is required. If a response is

required, Defendant denies said allegations. Defendant
also adopts his responses to previous paragraphs defining
"Tecomet Proprietary Information."

16.    Atkinson, Appleby and Fraser used the information they obtained in connection

with their consulting work and/or employment at Tecomet for the benefit of P-10 and/or MSI in

their competition against Tecomet.

> **ANSWER:** Defendant denies the allegations of
> Paragraph 16 as stated. Defendant admits that certain
> information which some of the alleged individuals
> obtained in connection with consulting work or
> employment with Tecomet was used and benefited P-10
> and/or MSI. Defendant denies those entities were in
> competition against Tecomet. Defendant denies that any
> of the individuals used for the benefit of those entities all
> information the individuals obtained in connection with
> consulting work or employment with Tecomet.

17.    Atkinson, Appleby and Fraser used information, including Tecomet

Proprietary Information and Tecomet Materials, to solicit a grant under NASA's Small Business

Innovation Research program ("the SBIR solicitation") for the benefit of P-10 Micro

Engineering, LLC. Upon information and belief, this occurred in late 1999 to the beginning of

2000.

> **ANSWER:** Defendant denies the allegations of
> Paragraph 17. The allegations that certain information is
> "Tecomet Proprietary Information" are conclusions of
> law to which no response is required. If a response is
> required, Defendant denies said allegations. Defendant
> also adopts his responses to previous paragraphs defining
> "Tecomet Proprietary Information." Defendant does not
> know specifically to what the Plaintiff refers in speaking
> of "Tecomet Materials," and so Defendant is without
> knowledge or information sufficient to form a belief as to
> whether those individuals used such as alleged, and so
> denies that allegation.

18.    Atkinson, Appleby and Fraser illicitly concealed the existence of the SBIR

Solicitation with the intent to deceive Tecomet.

>    **ANSWER:** Defendant denies the allegations of Paragraph 18.

19.    Atkinson. Appleby and Fraser, through P-10 and MSI, also have disclosed and/or

used Tecomet Proprietary Information to compete with Tecomet and have sold products

manufactured using Tecomet Proprietary Information.

>    **ANSWER:** Defendant denies the allegations of
>    Paragraph 19. The allegations that certain information is
>    "Tecomet Proprietary Information" are conclusions of
>    law to which no response is required. If a response is
>    required, Defendant denies said allegations. Defendant
>    also adopts his responses to previous paragraphs defining
>    "Tecoment Proprietary Information."

20.    Atkinson, Appleby and Fraser used the information that they obtained in

connection with their work at Tecomet as a source for the disclosure contained in the various

patent applications filed on their behalf.

>    **ANSWER:** Defendant denies the allegations of
>    paragraph 20 as stated. Defendant is unsure of what
>    Plaintiff means when it refers to "the disclosure contained
>    in various patent applications filed on their behalf" as
>    such could refer to any of multiple disclosures or
>    statements in many patent applications, and so Defendant
>    is without knowledge or information sufficient to form a
>    belief as to whether those disclosures were based as
>    alleged. Defendant admits that certain information some
>    of the individuals obtained in connection with work
>    involving Tecomet was disclosed in certain patent
>    applications. Defendant denies that such information was
>    the sole source for the disclosures or statements contained
>    in the various patent applications filed.

21.    International Patent Application No. WO 02/098624 entitled Method For

Manufacturing Devices and Devices Made Thereby (hereinafter the "'624 Application") and

naming MSI as the applicant and Atkinson, Appleby and Fraser as the inventors, was published

under the Patent Cooperation Treaty on December 12, 2002. A true and correct copy of the '624

Application is attached hereto as Exhibit A and is incorporated herein by reference.

> **ANSWER:** Defendant admits that the referenced patent
> application number was published under the Patent
> Cooperation Treaty on or about December 12, 2002, and
> that the document attached at Exhibit A appears to be a
> copy of the referenced Patent Application as initially
> filed. As to the allegations of Paragraph 21 which
> paraphrase the document appended at Exhibit A, said
> document speaks for itself, and the Defendant is not
> required to respond to those allegations. If any response
> is required, Defendant denies said allegations of
> Paragraph 21.

22.    United States Patent Application 10/252,402 (the "'402 Application") filed

October 29, 2003 entitled Devices, Methods, and Systems Involving Cast Collimators naming

Atkinson, Appeby and Fraser as inventors, and United States Patent Application 10/282,441 (the

"'441 Application") filed October 29,2003 entitled Devices, Methods, and Systems Involving

Cast Computed Tomography Collimators naming Atkinson. Appleby and Fraser as inventors

were published on July 10, 2003. A true and correct copy of the '402 and '441 Applications are

attached hereto as: Exhibits B and C and are incorporated herein by reference.

> **ANSWER:** Defendant denies that the referenced patent
> application numbers were filed on or about October 29,
> 2003. Defendant admits that the referenced patent
> application numbers were published on or about July 10,
> 2003, and that the documents attached at Exhibit B and C
> appear to be copies of the referenced Patent Applications
> as initially filed. As to the allegations of Paragraph 22
> which paraphrase the documents appended at Exhibit B
> and C, said documents speak for themselves, and the
> Defendant is not required to respond to those allegations.
> If any response is required, Defendant denies said
> allegations of Paragraph 22.

23.    United States Patent Application 10/308,545 (the "'545 Application") filed

December 3, 2003 entitled Devices. Methods, and Systems Involving Castings naming Atkinson,

Appleby and Fraser as inventors was published on December 25, 2003. A true and correct copy

of the '545 Application is attached hereto as Exhibit D and is incorporated herein by reference.

> **ANSWER:** Defendant admits that the referenced patent
> application number was filed on or about December 3,
> 2003, published on or about December 25, 2003, and that
> the document attached at Exhibit D appears to be a copy
> of the referenced Patent Application as initially filed. As
> to the allegations of Paragraph 23 which paraphrase the
> document appended at Exhibit D, said document speaks
> for itself, and the Defendant is not required to respond to
> those allegations. If any response is required, Defendant
> denies said allegations of Paragraph 23.

24.    The: '624, '402 and '441 Applications claimed priority to United States

Provisional Applications I60/295,564 filed June 5, 2001 entitled Collimator Casting Process, and

60/339,773 filed December 17, 2001 entitled Method of Manufacturing Three-Dimensional

Micro-Mechanical Devices (hereinafter the "'564 Application'" and the "'773 Application"

respectively) each of which name Atkinson, Appleby and Fraser as inventors. A true and correct

copy of the '564 and '773 Applications are attached hereto as Exhibits E and F respectively and

each are incorporated herein by reference.

> **ANSWER:** Defendant admits that the referenced patent
> applications were filed, and that the documents attached
> at Exhibits E and F appear to be copies of the referenced
> Patent Applications as initially filed. As to the allegations
> of Paragraph 24 which paraphrase the documents
> appended at Exhibit E and F, said documents speak for
> themselves, and the Defendant is not required to respond
> to those allegations. If any response is required,
> Defendant denies said allegations of Paragraph 24.

25.    Atkinson, Appleby and Fraser included information concerning Tecomet

Proprietary Information in the '624 Application, the '402 Application, the '441 Application, the

'545 Application, the '564 Application and the '773 Application (collectively the "Patent

Applications") without the consent or authority of Tecomet.

>**ANSWER:** Defendant denies the allegations of
>Paragraph 25. The allegations that certain information is
>"Tecomet Proprietary Information" are conclusions of
>law to which no response is required. If a response is
>required, Defendant denies said allegations. Defendant
>also adopts his responses to previous paragraphs defining
>"Tecoment Proprietary Information."

26.     Upon information and belief, additional patent applications that have been filed,

are being prosecuted by Atkinson, Appleby and Fraser, and contain Tecomet Proprietary

Information.

>**ANSWER:** Defendant denies the allegations of
>Paragraph 26. The allegations that certain information is
>"Tecomet Proprietary Information" are conclusions of
>law to which no response is required. If a response is
>required, Defendant denies said allegations. Defendant
>also adopts his responses to previous paragraphs defining
>"Tecoment Proprietary Information."

27.     During his employment with Tecomet, Appleby duly executed a Company

Information and Invention Agreement ("the 1988 Invention Agreement"). The 1988 Invention

Agreement expressly obligated Appleby to assign to Tecomet his rights in inventions,

improvements and discoveries made that result from his work at Tecomet. He further expressly

agreed not to disclose or use for his own benefit any trade secrets or company private

information pertaining to any actual or anticipated business of Tecomet or any of its customers,

consultants, or licensees. A true and correct copy of the 1988 Invention Agreement is attached

hereto as Exhibit G and incorporated herein by reference.

>**ANSWER:** Defendant admits that Appleby is a former
>employee of Tecomet. Defendant is without knowledge
>or information sufficient to form a belief as to the truth of
>the remaining allegations of Paragraph 27, and so denies
>same. As to the allegations of Paragraph 27 which
>paraphrase the agreement appended at Exhibit G, said
>agreement speaks for itself, and the Defendant is not
>required to respond to those allegations. If any response

is required, Defendant denies said allegations of
Paragraph 27.

28.     Also in 1988, Appleby assented, with his signature, to the Conflict of Interest

Policy Guide and Employee Consent ("the 1988 Conflict Policy"). The 1988 Conflict Policy

proscribed the disclosure or use of confidential information for the personal profit or advantage

of an employee or anyone else. A true and correct copy of the 1988 Conflict Policy is attached

hereto as Exhibit H and is incorporated herein by reference.

> **ANSWER:** Defendant is without knowledge or
> information sufficient to form a belief as to the truth of
> the remaining allegations of Paragraph 28, and so denies
> same. As to the allegations of Paragraph 28 which
> paraphrase the agreement appended at Exhibit H, said
> agreement speaks for itself, and the Defendant is not
> required to respond to those allegations. If any response
> is required, Defendant denies said allegations of
> Paragraph 28.

29.     Appleby's employment with Tecomet was interrupted for approximately 26

months between 1994 and 1996. During the entirety of that period, he was retained as a

consultant by Tecomet under three (3) consulting agreements each of which expressly obligated

Appleby to a duty of confidentiality and reaffirmed his obligations under the 1988 Invention

Agreement and the 1988 Conflict Policy. A true and correct copy of the three (3) Consulting

Agreements are attached hereto as Exhibit I and are incorporated herein by reference.

> **ANSWER:** Defendant admits that at some time Appleby
> became a consultant to Tecomet. Defendant is without
> knowledge or information sufficient to form a belief as to
> the truth of the remaining allegations of Paragraph 29,
> and so denies same. As to the allegations of Paragraph
> 29 which paraphrase the agreements appended at Exhibit
> I, said agreements speak for themselves, and the
> Defendant is not required to respond to those allegations.
> If any response is required, Defendant denies said
> allegations of Paragraph 29.

30.    In October, 1996 Appleby returned to Tecomet as an employee and executed a

second Company Information and Invention Agreement ("the 1996 Invention Agreement")

which expressly reaffirmed his duty of confidentiality, non-use and assignment of inventions. A

true and correct copy of the 1996 Invention Agreement is attached hereto as Exhibit J and is

incorporated herein by reference.

>    **ANSWER:**  Defendant admits that Appleby is a former
>    employee of Tecomet.  Defendant is without knowledge
>    or information sufficient to form a belief as to the truth of
>    the remaining allegations of Paragraph 8, and so denies
>    same.  As to the allegations of Paragraph 30 which
>    paraphrase the agreement appended at Exhibit J, said
>    agreement speaks for itself, and the Defendant is not
>    required to respond to those allegations.  If any response
>    is required, Defendant denies said allegations of
>    Paragraph 30.

31.    In November 2000, Appleby and Tecomet entered into a Consulting Agreement

("the 2000 Consulting Agreement") under which Appleby was to provide technical consulting

services to Tecomet. This agreement expressly obligated Appleby to a duty of confidentially. A

true and correct copy of the 2000 Consulting Agreement is attached hereto as Exhibit K and is

incorporated herein by reference.

>    **ANSWER:**  Defendant is without knowledge or
>    information sufficient to form a belief as to the truth of
>    the allegations of Paragraph 31, and so denies same.  As
>    to the allegations of Paragraph 31 which paraphrase the
>    agreement appended at Exhibit K, said agreement speaks
>    for itself, and the Defendant is not required to respond to
>    those allegations.  If any response is required, Defendant
>    denies said allegations of Paragraph 31.

32.    During his employment with Tecomet, Fraser duty executed a Company

Information and Invention Agreement ("the 1997 Invention Agreement"). The 1997 Invention

Agreement expressly obligated Fraser to assign to Tecomet his rights in inventions,

improvements and discoveries made that result from his work at Tecomet.  He further expressly

agreed not to disclose or use for his own benefit any trade secrets or company private

information pertaining to any actual or anticipated business of Tecomet or any of its customers,

consultants, or licensees. A true and correct copy of the 1997 Invention Agreement is attached

hereto as Exhibit L and incorporated herein by reference.

> **ANSWER:** Defendant admits that Fraser is a former
> employee of Tecomet. Defendant is without knowledge
> or information sufficient to form a belief as to the truth of
> the remaining allegations of Paragraph 32, and so denies
> same. As to the allegations of Paragraph 32 which
> paraphrase the agreement appended at Exhibit L, said
> agreement speaks for itself, and the Defendant is not
> required to respond to those allegations. If any response
> is required, Defendant denies said allegations of
> Paragraph 32.

33.    Atkinson knew about Appleby's and Fraser's contractual obligations to maintain

the confidentiality of the Tecomet Proprietary Information that was disclosed to them in

connection with their work for Tecomet and to assign to Tecomet all inventions that derived

from their work for Tecomet.

> **ANSWER:** Defendant denies the allegations of
> Paragraph 33. The allegations that certain information is
> "Tecomet Proprietary Information," and the allegations
> of Appleby's and Fraser's contractual obligation are
> conclusions of law to which no response is required. If a
> response is required, Defendant denies said allegations.
> Defendant also adopts his responses to previous
> paragraphs defining "Tecomet Proprietary Information."

34.    Notwithstanding his knowledge of Appleby's and Fraser's contractual

obligations, Atkinson induced Appleby and Fraser to breach their confidentiality and assignment

obligations by, inter alia, disclosing Tecomet Proprietary Information in the Patent Applications,

refusing to assign their interests in the Patent Applications to Tecomet and using Tecomet

Proprietary Information to compete with Tecomet through P-10 and/or MSI.

**ANSWER:** Defendant denies the allegations of
Paragraph 34. The allegations that certain information is
"Tecomet Proprietary Information," and the allegations
of Appleby's and Fraser's contractual obligation are
conclusions of law to which no response is required. If a
response is required, Defendant denies said allegations.
Defendant also adopts his responses to previous
paragraphs defining "Tecoment Proprietary Information."

### Count I
### (Common Law Misappropriation of Trade Secrets)

35.   The averments of paragraphs 1 through 34 are incorporated herein by reference.

**ANSWER:** Defendant incorporates by reference his
responses to Paragraphs 1 through 34 of the Complaint.

36.   Defendants improperly disclosed and caused to be published Tecomet Proprietary

Information including Tecomet trade secrets in the Patents Applications.

**ANSWER:** Defendant denies the allegations of
Paragraph 36. The allegations that certain information is
"Tecomet Proprietary Information" or "trade secrets" are
conclusions of law to which no response is required. If a
response is required, Defendant denies said allegations.
Defendant also adopts his responses to previous
paragraphs defining "Tecoment Proprietary Information."

37.   Defendant has knowingly used and are continuing to use Tecomet Proprietary

Information, including Tecomet trade secrets, without the consent or authority of Tecomet.

**ANSWER:** Defendant denies the allegations of
Paragraph 37. The allegations that certain information is
"Tecomet Proprietary Information" or "trade secrets" are
conclusions of law to which no response is required. If a
response is required, Defendant denies said allegations.
Defendant also adopts his responses to previous
paragraphs defining "Tecoment Proprietary Information."

38.   At the time of Defendant's misappropriation, the Tecomet Proprietary Information

including Tecomet trade secrets were not publicly available.

**ANSWER:** Defendant denies the allegations of Paragraph 38. The allegations that certain information is "Tecomet Proprietary Information" or "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations. Defendant also adopts his responses to previous paragraphs defining "Tecoment Proprietary Information."

39.    Defendant has knowingly benefited from the misappropriated trade secrets.

**ANSWER:** Defendant denies the allegations of Paragraph 39. The allegations that certain information is "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

40.    From a time prior to the misappropriation. Tecomet pursued, and continues to

pursue, an active course of conduct designed to inform its employees, contractors and agents that

Tecomet Proprietary Information was, and is, to remain confidential

**ANSWER:** Defendant denies the allegations of Paragraph 40. Defendant also adopts his responses to previous paragraphs defining "Tecoment Proprietary Information."

41    Tecomet has sustained injury and damages as a result of Defendant's

misappropriation of Tecomet trade secrets.

**ANSWER:** Defendant denies the allegations of Paragraph 41. The allegations that certain information is "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

42.    Tecomet will sustain irreparable harm if Defendant is permitted to continue to use

Tecomet Proprietary Information including Tecomet trade secrets.

**ANSWER:** Defendant denies the allegations of Paragraph 42. The allegations that certain information is "Tecomet Proprietary Information" or "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

Defendant also adopts his responses to previous
paragraphs defining "Tecoment Proprietary Information."

### Count II
### (Common Law Misappropriation of Private Business Information)

43.    The averments of paragraphs 1 though 42 above are incorporated herein by

reference.

>    **ANSWER:** Defendant incorporates by reference his
>    responses to Paragraphs 1 through 42 of the Complaint.

44.    Defendant improperly disclosed and caused to be published Tecomet private

business information in the Patent Applications.

>    **ANSWER:** Defendant denies the allegations of
>    Paragraph 44. The allegations that certain information is
>    "private business information" are conclusions of law to
>    which no response is required. If a response is required,
>    Defendant denies said allegations.

45.    Defendant has used and is continuing to use Tecomet private business information

without the consent or authority of Tecomet.

>    **ANSWER:** Defendant denies the allegations of
>    Paragraph 45. The allegations that certain information is
>    "private business information" are conclusions of law to
>    which no response is required. If a response is required,
>    Defendant denies said allegations.

46.    Defendant has knowingly benefited from the Tecomet private business

information.

>    **ANSWER:** Defendant denies the allegations of
>    Paragraph 46. The allegations that certain information is
>    "private business information" are conclusions of law to
>    which no response is required. If a response is required,
>    Defendant denies said allegations.