47. Tecomet has sustained injury and damages as a result of Defendant's misappropriation of Tecomet private business information.

> **ANSWER:** Defendant denies the allegations of Paragraph 47. The allegations that certain information is "private business information" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

48. Tecomet will sustain irreparable harm if Defendant is permitted to continue to use Tecomet Private business information.

> **ANSWER:** Defendant denies the allegations of Paragraph 48. The allegations that certain information is "private business information" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

## Count III
## (Breach of Confidentiality Agreements)

49. The averments of paragraphs 1 through 48 above are incorporated herein by reference.

> **ANSWER:** Defendant incorporates by reference his responses to Paragraphs 1 through 48 of the Complaint.

50. Atkinson agreed not to disclose to others or use for his own benefit during his consulting relationship with Tecomet or thereafter any trade secrets or Tecomet private information pertaining to any of the actual or anticipated business of Tecomet or any of its customers, consultants, or licensees, acquired by him during the period of his consulting relationship ("the Confidentiality Agreements").

> **ANSWER:** Defendant denies the allegations of paragraph 50. The allegations that certain information is "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

51. The Patent Applications contain Tecomet trade secrets and/or Tecomet private information pertaining to the actual and/or anticipated business of Tecomet and/or any of its customers, consultants, or licensees.

>    **ANSWER:** Defendant denies the allegations of paragraph 51. The allegations that certain information is "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

52. Atkinson has breached his obligations under the Confidentiality Agreements by, including but not limited to, one or more of the following:

    (a) incorporating Tecomet Proprietary Information and other private information in the Patent Applications,

    (b) causing the Patent Applications to be publicly available,

    (c) using Tecomet Proprietary Information and other private information in the course of his business, and

    (d) using Tecomet trade secrets and other private information to perform the methods described in the Patent Applications.

>    **ANSWER:** Defendant denies the allegations of Paragraph 52. The allegations that certain information is "Tecomet Proprietary Information" or "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations. Defendant also adopts his responses to previous paragraphs defining "Tecoment Proprietary Information."

53. Tecomet has sustained injury and damages as a result of Atkinson's breach of the Confidentiality Agreements.

>    **ANSWER:** Defendant denies the allegations of Paragraph 53.

### Count IV
### (Inducement of Breach of Contract)

54. The averments of paragraphs 1 through 53 above are incorporated herein by reference.

> **ANSWER:** Defendant incorporates by reference his responses to Paragraphs 1 through 53 of the Complaint.

55. Atkinson has induced Appleby to breach the 1996 Invention Agreement and the General Consulting Agreement

> **ANSWER:** Defendant denies the allegations of Paragraph 55.

56. Atkinson has induced Fraser to breach the 1997 Invention Agreement.

> **ANSWER:** Defendant denies the allegations of Paragraph 56.

57. Tecomet has sustained injury and damages as a result of Atkinson's inducement of Appleby to breach his contractual obligations.

> **ANSWER:** Defendant denies the allegations of Paragraph 57.

58. Tecomet has sustained injury and damages as a result of Atkinson's inducement of Fraser to breach his contractual obligations.

> **ANSWER:** Defendant denies the allegations of Paragraph 58.

### Count V
### (Violation of Mass. G.L. Ch.93: Section 42A.
### Injunctive relief taking of trade secrets)

59. The averment of paragraphs 1 through 58 above are incorporated herein by reference.

> **ANSWER:** Defendant incorporates by reference his

21

responses to Paragraphs 1 through 58 of the Complaint.

60. MSI competes with Tecomet in the field of fabrication of high-resolution micro-mechanical devices.

> **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and thus denies same.

61. As a co-founder of MSI, Atkinson, a former consultant of Tecomet, is working in a directly competitive capacity with Tecomet in violation of the terms of his consulting agreements with Tecomet.

> **ANSWER:** Defendant denies the allegations in Paragraph 61. Defendant also adopts his response to the previous paragraph.

62. Atkinson has used Tecomet trade secrets in such competition with Tecomet.

> **ANSWER:** Defendant denies the allegations of Paragraph 62. The allegations that certain information is "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

63. Tecomet is entitled to a preliminary and permanent injunction against Defendant's continued use of Tecomet trade secrets.

> **ANSWER:** Defendant denies the allegations of Paragraph 63. The allegation that Plaintiff is entitled to injunctive relief is a conclusion of law to which no response is required. If a response is required, Defendant denies said allegations.

### Count VI
### (Violation of the Virginia Uniform Trade Secrets Act)

64. The averments of paragraphs 1 through 63 above are incorporated herein by reference.

>**ANSWER:** Defendant incorporates by reference his responses to Paragraphs 1 through 63 of the Complaint.

65. Tecomet engages in trade or commerce.

>**ANSWER:** Defendant admits the allegations of Paragraph 65.

66. Defendant has engaged, and is engaging, in misappropriation of Tecomet trade secrets.

>**ANSWER:** Defendant denies the allegations of Paragraph 66. The allegations that certain information is "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

67. Defendant's misappropriations of trade secrets was, and is willful and malicious.

>**ANSWER:** Defendant denies the allegations of Paragraph 67. The allegations that certain information is "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

68. Tecomet has suffered and continues to suffer monetary, property, real and/or personal losses as a result of Defendant's misappropriations of trade secrets.

>**ANSWER:** Defendant denies the allegations of Paragraph 68. The allegations that certain information is "trade secrets" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations.

69. Tecomet is entitled to injunctive relief, monetary damages, punitive damages, attorney's fees, and costs as provided for in the Virginia Uniform Trade Secrets Act.

>**ANSWER:** Defendant denies the allegations of Paragraph 69.

## Count VII
## (Civil Conspiracy)

70. The averments of paragraphs 1 through 69 above are incorporated herein by reference.

> **ANSWER:** Defendant incorporates by reference his responses to Paragraphs 1 through 69 of the Complaint.

71. Atkinson knew that the conduct of Appleby and Fraser described above constituted breaches of their contractual, fiduciary, and common law duties.

> **ANSWER:** Defendant denies the allegations of Paragraph 71.

72. Atkinson knowingly provided substantial assistance and/or encouragement to Appleby and Fraser to engage in their wrongful acts and achieve the desired results of the wrongful acts.

> **ANSWER:** Defendant denies the allegations of Paragraph 72.

73. Atkinson's substantial assistance and/or encouragement to Appleby and Fraser contributed to a common tortious plan that was carried out by Atkinson, Appleby and Fraser to misappropriate Tecomet Proprietary Information and otherwise breach their duties to Tecomet.

> **ANSWER:** Defendant denies the allegations of Paragraph 73.

74. Tecomet has sustained injury and damages as a result of Atkinson's civil conspiracy with Appleby and Fraser described above.

> **ANSWER:** Defendant denies the allegations of Paragraph 74.

## Count VIII
## (Inducement of Breach of Duty of Loyalty by Appleby)

75. The averments of paragraphs 1 through 74 above are incorporated herein by reference.

> **ANSWER:** Defendant incorporates by reference his responses to Paragraphs 1 through 74 of the Complaint.

76. Appleby was Tecomet's Director of Product Development. In that capacity, he was charged with developing and protecting Tecomet proprietary technology, products and processes. As such, Appleby was entrusted with some of Tecomet's most sensitive projects. He had authority to hire staff and had responsibility for the oversight of research, development and production personnel. Appleby was also responsible for protecting Tecomet Proprietary Information and Tecomet Materials.

> **ANSWER:** Defendant admits that for a time Appleby did hold the position of Director of New Product Development for Tecomet. The allegation that certain information was "proprietary technology, products and processes" is a conclusion of law to which no response is required. If any response is required, Defendant denies that Appleby was solely responsible for developing or protecting information defined by law as proprietary. Defendant is without knowledge or information sufficient to form a belief as to the meaning of, or what Tecomet intends by, a "sensitive" project. Defendant denies that Appleby was solely responsible for protecting Tecomet Proprietary Information and Tecomet Materials, and adopts his responses to previous paragraphs defining those terms. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 relating to Appleby's specific authority over staff and personnel, and thus denies same. Defendant denies the remaining allegations of Paragraph 76.

77. Appleby used the information that he obtained during his tenure at Tecomet as a source for the disclosure contained in the Patent Applications.

25

> **ANSWER:** Defendant denies the allegations of paragraph 77 as stated. Defendant is unsure of what Plaintiff means when it refers to "the disclosure contained in the Patent Applications" as such could refer to any of multiple disclosures or statements in many patent applications, and so Defendant is without knowledge or information sufficient to form a belief as to whether those disclosures were based as alleged, and thus denies same. Defendant admits that certain information Appleby obtained in connection with work involving Tecomet was a source for certain disclosure in certain patent applications. Defendant denies that such information was the sole source for the disclosures or statements contained in the various patent applications they filed.

78. Appleby used the information he obtained during his tenure at Tecomet for the benefit of MSI in its competition against Tecomet.

> **ANSWER:** Defendant admits that certain information Appleby obtained in connection with consulting work or employment with Tecomet was used and benefited MSI. Defendant denies that entity was in competition against Tecomet. Defendant denies that Appleby used for the benefit of MSI all information he obtained during his tenure with Tecomet.

79. During the period of his employment with Tecomet, Appleby was also affiliated with P-10 Micro Engineering, LLC.

> **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and so denies same.

80. P-10 Micro Engineering competed with Tecomet.

> **ANSWER:** Defendant denies the allegations of Paragraph 80.

81. During the period in which he held a position of responsibility, trust, and confidence with Tecomet, Appleby used information, including Tecomet Proprietary Information and Tecomet Materials, to solicit a grant under NASA's Small Business Innovation Research

program ("the SBIR solicitation") for the benefit of P-10 Micro Engineering, LLC. Upon information and belief, this occurred in late 1999 to the beginning of 2000.

> **ANSWER:** Defendant denies the allegations of Paragraph 81. The allegations that certain information is "Tecomet Proprietary Information" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations. Defendant also adopts his responses to previous paragraphs defining "Tecomet Proprietary Information." Defendant does not know specifically to what the Plaintiff refers in speaking of "Tecomet Materials," and so Defendant is without knowledge or information sufficient to form a belief as to whether those individuals used such as alleged, and so denies that allegation.

82. Appleby illicitly concealed the existence of the SBIR Solicitation with the intent to deceive Tecomet and/or in breach of his fiduciary duty of full disclosure to Tecomet.

> **ANSWER:** Defendant denies the allegations of Paragraph 82.

83. Tecomet discovered the existence of SBIR Solicitation in approximately December of 2002.

> **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and so denies same.

84. In breach of his duty of loyalty to Tecomet, Appleby exploited the trust that Tecomet placed in him by using, for his own advantage and that of MSI and to the detriment of Tecomet, Tecomet Proprietary Information and Tecomet Materials that he obtained during the course of his employment.

> **ANSWER:** Defendant denies the allegations of Paragraph 84. The allegations that certain information is "Tecomet Proprietary Information" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations. Defendant also adopts his responses to previous paragraphs defining "Tecomet Proprietary Information." Defendant does not

> know specifically to what the Plaintiff refers in speaking of "Tecomet Materials," and so Defendant is without knowledge or information sufficient to form a belief as to whether those individuals used such as alleged, and so denies that allegation.

85. Atkinson knowingly induced or participated in Appleby's above-referenced breach of his duty of loyalty to Tecomet.

> **ANSWER:** Defendant denies the allegations of Paragraph 85.

86. Tecomet has sustained injury and damages as a result of Appleby's breach of his duty of loyalty or Atkinson's inducement thereof.

> **ANSWER:** Defendant denies the allegations of Paragraph 86.

87. Tecomet will sustain irreparable harm if Appleby is permitted to continue to use Tecomet Proprietary Information and Tecomet Materials in breach of his duty of loyalty to Tecomet and Atkinson is permitted to continue to induce Appleby's breach of his duty of loyalty.

> **ANSWER:** Defendant denies the allegations of Paragraph 87. The allegations that certain information is "Tecomet Proprietary Information" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations. Defendant also adopts his responses to previous paragraphs defining "Tecoment Proprietary Information." Defendant does not know specifically to what the Plaintiff refers in speaking of "Tecomet Materials," and so Defendant is without knowledge or information sufficient to form a belief as to whether those individuals used such as alleged, and so denies that allegation.

### Count IX
### (Inducement of Breach of Duty of Loyalty of Defendant Fraser)

88. The averments of paragraphs 1 through 87 above are incorporated herein by reference.

> **ANSWER:** Defendant incorporates by reference his

responses to Paragraphs 1 through 87 of the Complaint.

89. Fraser was Tecomet's Supervisor of New Product Development. In that capacity, he was charged with developing and protecting Tecomet proprietary technology, products and processes. As such, Fraser was entrusted with some of Tecomet's most sensitive projects. He had responsibility for the oversight of research, development and production personnel. Fraser was also responsible for protecting Tecomet Proprietary Information and Tecomet Materials.

> **ANSWER:** Defendant admits that for a time Fraser did hold the position of Supervisor of New Product Development for Tecomet. The allegation that certain information was "proprietary technology, products and processes" is a conclusion of law to which no response is required. If any response is required, Defendant denies that Fraser was solely responsible for developing or protecting information defined by law as proprietary. Defendant is without knowledge or information sufficient to form a belief as to the meaning of, or what Tecomet intends by, a "sensitive" project. Defendant denies that Fraser was solely responsible for protecting Tecomet Proprietary Information and Tecomet Materials, and adopts his responses to previous paragraphs defining those terms. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 relating to Fraser's specific authority over personnel, and thus denies same. Defendant denies the remaining allegations of Paragraph 89.

90. In breach of his duty of loyalty to Tecomet, Fraser exploited the trust that Tecomet placed in him by using, for his own advantage and that of MSI and to the detriment of Tecomet, Tecomet Proprietary Information and Tecomet Materials that he obtained during the course of his employment.

> **ANSWER:** Defendant denies the allegations of Paragraph 90. The allegations that certain information is "Tecomet Proprietary Information" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations. Defendant

29

    also adopts his responses to previous paragraphs defining "Tecoment Proprietary Information." Defendant does not know specifically to what the Plaintiff refers in speaking of "Tecomet Materials," and so Defendant is without knowledge or information sufficient to form a belief as to whether those individuals used such as alleged, and so denies that allegation.

91.     Tecomet has sustained injury and damages as a result of Fraser breaching his duty of loyalty.

    **ANSWER:** Defendant denies the allegations of Paragraph 91.

92.     Tecomet will sustain irreparable harm if Fraser is permitted to continue to use Tecomet Proprietary Information and Tecomet Materials in breach of his duty of loyalty to Tecomet.

    **ANSWER:** Defendant denies the allegations of Paragraph 92. The allegations that certain information is "Tecomet Proprietary Information" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations. Defendant also adopts his responses to previous paragraphs defining "Tecoment Proprietary Information." Defendant does not know specifically to what the Plaintiff refers in speaking of "Tecomet Materials," and so Defendant is without knowledge or information sufficient to form a belief as to whether those individuals used such as alleged, and so denies that allegation.

93.     Atkinson knowingly induced or participated in Fraser's above-referenced breach of his duty of loyalty to Tecomet.

    **ANSWER:** Defendant denies the allegations of Paragraph 93.

94.     Tecomet has sustained injury and damages as a result of Fraser's breach of his duty of loyalty or Atkinson's inducement thereof.

    **ANSWER:** Defendant denies the allegations of Paragraph 94.

95. Tecomet will sustain irreparable harm if Fraser is permitted to continue to use Tecomet Proprietary Information and Tecomet Materials in breach of his duty of loyalty to Tecomet and Atkinson is permitted to continue to induce Fraser's breach of his duty of loyalty.

> **ANSWER:** Defendant denies the allegations of Paragraph 95. The allegations that certain information is "Tecomet Proprietary Information" are conclusions of law to which no response is required. If a response is required, Defendant denies said allegations. Defendant also adopts his responses to previous paragraphs defining "Tecoment Proprietary Information." Defendant does not know specifically to what the Plaintiff refers in speaking of "Tecomet Materials," and so Defendant is without knowledge or information sufficient to form a belief as to whether those individuals used such as alleged, and so denies that allegation.

**GENERAL ANSWER:** All allegations in the Complaint not specifically admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from bringing the claims set forth in the Complaint by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from bringing the claims set forth in the Complaint by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from bringing the claims contained in its Complaint by the doctrine of unclean hands. Upon information and belief, the Plaintiff has

conducted unfair business practices including as alleged in the Answer Of Defendants Michael Appleby And Mikro Systems, Inc. To Amended Complaint in the case of <u>Tecomet, Inc. v. Mikro Systems, Inc.</u>, et al., United States District Court for the District of Massachusetts, Civ. No. 03-10709- DPW.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from bringing the claims contained in its Complaint by the doctrine of ratification or consent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from bringing the claims contained in its Complaint as such claims were filed without any substantive basis or merit.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from bringing the claims set forth in the Complaint by the doctrines of vagueness and uncertainty.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from bringing the claims set forth in the Complaint, because any damages suffered are the result of the conduct of others not under the control of Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from bringing the claims set forth in the Complaint sounding in whole or in part in equity, due to the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from bringing the claims set forth in the Complaint, including Count III, due to the Statute of Frauds, MGL c. 259 § 1 <u>et seq</u>.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from bringing the claims set forth in the Complaint due to the applicable limitations periods.

TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves his right to amend its answer to add such other and further defenses and/or counterclaims as become apparent during the course of discovery in this action, or after the supposed claims against him have been stated with greater specificity.

JURY DEMAND
Defendant demands trial by jury on all issues so triable.

Respectfully submitted,

JAMES ATKINSON

By his attorney,

Kevin S. Murphy (BBO# 638335)
YURKO & SALVESEN, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
(617) 723-6900

Date: April 30, 2004