IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TECOMET, INC.<br><br>Plaintiff,<br>v.<br><br>JAMES ATKINSON<br><br>Defendant. | C.A. No. 04-10424-DPW |

*FILED IN CLERKS OFFICE 2004 MAY 25 P 4:10 U.S. DISTRICT COURT DISTRICT OF MASS.*

## JOINT STATEMENT IN ADVANCE OF SCHEDULING CONFERENCE

Pursuant to Local Rule 16.1(B), counsel for the parties in the above-captioned matter conferred on May 24, 2003 and now submit this Joint Statement in Advance of the Scheduling Conference on May 27, 2004.

Proposed Pretrial Schedule

Plaintiff has furnished to Defendant the automatic disclosures required under Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2(A) and Defendant intends to furnish his disclosures by June 2, 2004. The parties have agreed to the following proposals concerning scheduling.

A. Completion of Discovery: The parties agree that discovery can be completed by August 31, 2004. Expert depositions, if necessary, can be completed within one month of the completion of discovery.

Defendant believes that the discovery in this case can be completed by July 31, 2004 or sooner if this case is consolidated for discovery purposes with the case of Tecomet, Inc. v. Mikro Systems, Inc., et al., CA No. 03-10709 DPW (the "Mikro

Systems case"), and the subjects of discovery herein limited as stated below. Defendant requests this Court to make any pre-trial discovery order subject to review after the allowance, if any, of Defendant's motion to consolidate which will be filed within one week.

      B.      The parties agree that the expert reports exchanged in the Mikro Systems case will likely apply in this case, and accordingly, neither party anticipates the need for other expert analysis, except to the extent that the expert reports already exchanged may be subject to supplementation solely for the purposes of dealing with issues that are specific to this case and do not arise in the Mikro Systems case.

      C.      The parties agree that any dispositive motions will be filed no later than 30 days after the close of fact discovery.

      D.      The parties anticipate that they will be ready for trial no later than November 2004. Defendant believes that this case should be tried with the Mikro Systems case. Defendant believes that if these two cases are consolidated, that this case will easily be ready for trial along with the Mikro Systems case, prior to November if the Court's calendar permits.

      E.      Phased Discovery. The parties agree that discovery will not be conducted in phases. The parties disagree as to whether discovery should be limited to certain issues. Defendant believes that this case should be consolidated for pretrial and trial with the Mikro Systems case, and that discovery in this case should be limited to new allegations the discovering party was unaware of prior to this lawsuit. However, if Plaintiff seeks in this case discovery on issues common to the two cases, Defendant reserves his right to do the same.

F.	Trial by Magistrate. At this time, the parties do not agree to trial before the Magistrate Judge.

G.	Subject of Discovery. The parties agree that the subjects of discovery are those related to the allegations in the Complaint and Answers thereto. The parties agree that this case is closely intertwined with the Mikro Systems case. Accordingly, most, but not all, of the discovery that would be necessary and appropriate in this case has already been completed in the Mikro Systems case. Defendant believes that for judicial and litigation economy the subjects of discovery in this case should be limited to new allegations the discovering party was unaware of prior to this lawsuit.

H.	Changes to Limitations Imposed by Local Rules. The parties agree that no changes to the limitations imposed by local rules are anticipated at this time. The parties reserve the right to seek leave of court for relief from limitations imposed by local rules or Federal Rules of Civil Procedures that become necessary.

I.	Orders Which This Court Should Enter. Defendant intends to bring a motion to consolidate this action with its identical twin, the Mikro Systems case, within one week of this status conference, and believes an order should enter at that time consolidating these essentially identical actions for all purposes.

J.	Changes To Rule 26(a) Automatic Disclosures. Defendant has requested and Plaintiff has agreed that the Plaintiff's Rule 26(a) disclosures should be amended to state those persons with knowledge of the alleged oral confidentiality contract Tecomet allegedly had with Atkinson.

K.	Recognizing that each party may be asking to discover documents and

information that the other party considers sensitive and confidential, the parties will use their best efforts to agree upon a confidentiality agreement, consonant with this Court's approach to such agreements, in order to safeguard their respective legitimate interests in making discovery.

Certification of Conference Pursuant to Local Rule 16.1(d)(3)

Attached is the certifications signed by Counsel and James Atkinson. Certifications by Tecomet counsel and an authorized representative will be filed separately.

| TECOMET, INC. | JAMES ATKINSON |
|---|---|
| By its attorney | By his attorney |
| *[signature]* Edward S. Mazurek | *[signature]* Kevin Murphy |
| Kevin Fee | (BBO# 638335) |
| **MORGAN, LEWIS & BOCKIUS, LLP** | **YURKO & SALVESEN, P.C.** |
| 1701 Market Street | One Washington Mall, 11th Floor |
| Philadelphia, PA 19103-2921 | Boston, MA 02108 |
| (215) 963-5000 | (617) 723-6900 |

Local Counsel:

*[signature]*
Christopher R. O'Hara
(BBO# 548611)
**TODD & WELD LLP**
State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: May 25, 2004