IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -9 P 2: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

TECOMET, INC.,

Plaintiff,

v.

C.A. NO. 04-10424 DPW

JAMES ATKINSON,

Defendant.

## MOTION TO CONSOLIDATE ACTIONS FOR DISCOVERY PURPOSES AND INCORPORATED STATEMENT OF REASONS

Pursuant to Fed. R. Civ. P. 42(a), the Defendant in the above captioned case hereby respectfully requests that this matter be consolidated for discovery purposes with its related case, Tecomet, Inc. v. Mikro Systems, Inc., et al., 03-10409 DPW (the "Mikro Systems Case"), and the subjects of discovery herein limited as stated below. This Motion, and its incorporated suggestion for narrowing discovery, is being filed as directed by this Court at the Rule 16(b) Conference held May 27, 2004.[1]

In summary, Defendant Jim Atkinson believes that these two cases, essentially identical in factual allegations and legal issues, should be consolidated now to obtain judicial and litigation savings. On the issue of narrowing discovery herein, any discovery needed on the common issues and facts has already been, or is being, conducted in the

---

[1] Defendant also believes this case should be consolidated for trial with the Mikro Systems Case. As directed by this Court, Defendant will file a separate motion for consolidation for trial. Defendant understands that the motion for consolidation for trial is considered a dispositive motion which will be taken up by the Honorable Judge Woodlock, while this Motion will be addressed by the Honorable Magistrate Judge Cohen.

Mikro Systems Case, where the discovery deadline has now passed. Thus there should be no further discovery as of right on those common issues in the consolidated matter.[2] Discovery in the new consolidated matter should be reopened on the limited subject of the new issue arising in this case, specifically the allegation that Jim Atkinson is subject to some apparently oral confidentiality agreement.

## I.    BACKGROUND

### A.    These Two Cases Arise Out Of The Same Facts And Alleged Facts.

This case arises out of identical facts as the Mikro Systems Case. In the Mikro Systems Case, Tecomet has sued Michael Appleby, Iain Fraser, and the company of which they are both principles, Mikro Systems, Inc., on the theory that the two in concert, through the mechanism of Mikro Systems, stole trade secrets from Tecomet and are now competing unfairly with it. See generally *Second Amended Complaint And Demand For Jury Trial* ("*Mikro Systems Complant*") (attached as Exh. A).[3] In this new case, the Plaintiff does nothing more than add another alleged founder of Mikro Systems, Jim Atkinson, to the list of defendants on the same theories and the same alleged facts. See generally *Complaint And Demand For Jury Trial* ("*Atkinson Complaint*") (attached as Exh. B).

---

[2]    To the extent that any parties to the new consolidated matter believe that they are entitled to additional discovery on the common issues, they may file motions in the new consolidated matter, just as they could have in the Mikro Systems Case were the two cases not consolidated.

[3]    This complaint has not yet been filed, but this Court has allowed Plaintiff's motion to file such a complaint, and thus Atkinson here uses that complaint as the basis for comparison, although it is relevantly identical to the currently operative complaint in the Mikro Systems Case. The copy attached as Exhibit A is a copy of the draft complaint plaintiff appended to its Motion for Leave to Amend.

2

A brief review of the Complaints in both cases bears this out. In both cases, Tecomet alleges:

1. That the defendant(s) provided services to Tecomet during the same time period;[4] *(8-12, 14)* (7, 11-12)[5]
2. That the defendant(s), through the services they provided to Tecomet, became aware of the same certain methods by which Tecomet created stack-laminated collimators and similar products; *(13, 15)* (7, 9, 13)
3. That those methods embodied essentially five trade secrets or proprietary information: floating pins; epoxy bonding in a certain ratio; metal joinery with a compound known as CuSil; the combination of ion-beam etching techniques with chemical etching techniques; and the concept of a collimator cast from a stack-laminated master; *(13, 15)* (9, 13)
4. That, after learning those methods from Tecomet, the three defendants then absconded from Tecomet in the fall of 1999 with the intention to put those trade secrets to use for their own purposes in competition with Tecomet; *(73-78)* (14-20)
5. That in late 1999, Appleby and Atkinson set up a competing company, P-10 which became Mikro Systems, Inc., and that all four defendants thereafter began to compete unfairly with Tecomet by using the trade secrets; *(73-78)* (14-20)
6. That the defendants also improperly disclosed the trade secrets to the world by including them in patent applications; *(16-18)* (21-25) and
7. That Tecomet has been damaged by the concerted actions of the four defendants.

Jim Atkinson's defenses to these claims are the same as those asserted by the three defendants in the Mikro Systems Case. Each of the four defendants assert or will assert[6]:

1. That they left Tecomet to start their own business, which business would *not* compete with Tecomet, but might, and in fact *did*, partner with Tecomet on occasion; *(71-75)* (14-20)[7]

---

[4] There are some minor differences in the facts which would not effect the advisability of consolidation. For instance, Appleby performed different services for Tecomet than did Atkinson. Such minor differences cannot serve to justify non-consolidation, for even in the initial Mikro Systems Case, there are differences in the facts as between Fraser and Appleby, which do not stand in the way of pretrial activities.

[5] The first set of numbers, in italics, are paragraph numbers from the Mikro Systems Complaint. The second set are paragraph numbers from the Atkinson Complaint.

[6] Because the Defendants do not affirmatively plead evidence, and because no substantive motions have been filed, some of these contentions are not fully embodied in pleadings.

[7] The first set of numbers, in italics, are paragraph numbers from Appleby and Mikro System's answer to the operative Complaint in Mikro System's Case, attached hereto as Exh. C. The second set are paragraph numbers from Atkinson's answer to the Atkinson Complaint attached hereto as Exh. D.

3

2. That the new business would not use any secret Tecomet processes, but would use commonly known manufacturing methods to move into areas Tecomet did not occupy; *(71-75)* (14-17, 19)
3. That Mikro Systems in fact does not even use most of the alleged trade secrets in its manufacturing process; *(13, 15)* (19, 20)
4. That none of the alleged trade secrets were in any way proprietary to Tecomet, but rather that each was a well-known manufacturing technique known to many industries, including Tecomet's; *(13-15, Third Aff. Def.)* (9, 13)
5. That Tecomet did absolutely nothing to protect the alleged trade secrets while the defendants worked or consulted there, never informed anyone that it considered the methods proprietary, and never took any actions to secure areas where such work was being done, but rather displayed the methods to guests and others; *(13, 15, Second Aff. Def.)* (9, 13)
6. That when Tecomet *did* want to protect information, it did so, particularly with one technology which it stole from a competitor and then kept behind locked doors at Tecomet; *(First Aff. Def.)* (Fourth Aff. Def.)
7. That it would make no sense for Mikro Systems to disclose as *prior art* in patent applications, trade secrets that were unknown to the industry and could have given it a competitive advantage;
8. That Tecomet is motivated by a desire to destroy or paralyze with its lawsuit a company it knows (and the industry knows) is run by more skilled craftsmen and could compete with Tecomet fairly to Tecomet's great loss.

Indeed, it is difficult to find a fact which is indigenous to just one case and not the other. Even when the defendants are not similarly situated, the allegations against each show up in both cases. For instance, Atkinson was not an employee of Tecomet, and had no contracts with it, while Appleby and Fraser were employees allegedly with enforceable contracts. Nonetheless, the allegations against Atkinson include all the employment- and contract-related allegations against Appleby and Fraser. See *Atkinson Complaint* at ¶¶ 11-20, 27-34. This is so because Tecomet claims that Atkinson actually induced Appleby and Fraser to break their employment contracts and violate their alleged fiduciary duties as employees of Tecomet. See id. at ¶¶ 34, 54-58, 70-95.

Factual allegations and proof on damages are also identical, since the same Plaintiff is claiming the same damages from the same acts by all of the four defendants.

4

The parties in this case have already agreed that the expert reports on damages in the Mikro Systems Case will also apply to this case. See *Joint Statement In Advance Of Scheduling Conference* at ¶ B ("*Joint Statement*").

The two cases are related under L.R. Civ.P. 40.1(E) as recognized by the clerk's office and the Plaintiff. See *Civil Cover Sheet*. They are thus both pending before this Court, and have been jointly assigned to Judge Woodlock and Magistrate Judge Cohen. The Plaintiff acknowledges that "this case is closely intertwined with the Mikro Systems case." See *Joint Statement* at ¶ J.

The sole new factual allegation which is not in some way also embodied in the Mikro Systems Case is Tecomet's claim that Atkinson has breached some sort of alleged confidentiality agreement which is apparently not written down anywhere. See *Atkinson Complaint* at ¶¶ 8-9, 49-53. This fact can easily be handled in pretrial activity of the consolidated matter alongside the myriad of common facts without prejudice to anyone.

> B.   The Two Cases Raise Substantially Identical Legal Issues.

The legal counts against the four defendants are essentially the same.[8]  Given this identity and the factual similarity, it is clear that the legal issues to be resolved will be the same for both cases. For instance, one key legal issue will be whether Tecomet's lack of protections and secrecy prevent the five methods from being trade secrets – and that issue will be resolved identically in both cases.

Even where legal issues might be different among the defendants, they have been injected into both cases. For instance, whether Appleby or Fraser breached their

---

[8]   In Exhibit E, Atkinson summarizes the counts against each of the four defendants in tabular form.

employment agreements or violated their alleged duties of loyalty to their employer might not be relevant to this case, since Atkinson was not an employee and has no written contract. But Atkinson is alleged to bear liability for conspiring with and inducing Appleby and Fraser to violate their duties of loyalty, and breach their contracts. See *Atkinson Complaint* at Counts IV, VII, VIII (mislabeled as VII), and IX. Thus, the legal question of whether Fraser or Appleby did so violate or breach becomes common to both cases.

## II.  ARGUMENT

### A.  The Cases Should Be Consolidated For Pretrial Procedures

Under Fed. R. Civ. P. 42(a), "[w]hen actions involving a common question of law or fact are pending before the court, ... it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." The rule "also contemplates consolidation for purposes of particular segments of the litigation, such as pretrial proceedings." See Magnavox Co. v. APF Electronics, Inc., 496 F. Supp. 29 (N.D. Ill. 1980).

Here, the only rational thing to do considering the near-identity of these two actions on almost all questions of law and fact is to consolidate them. Nothing would be gained by requiring counsel, some of whom are out of state, to make repeated trips to court for pretrial activities or discovery issues in two separate cases. This is particularly so since counsel agree that any discovery already completed in the Mikro Systems Case can be used herein. Thus, issues arising about discovery are likely to effect both cases, and an understanding of the discovery issues in one case will be necessary to adjudicate

any discovery issues in the other.[9] There is no need for this Court to conduct such activities separately. It would be most efficient, logical and simplest to conduct these cases together with all four parties present and able to be heard at all events.

Plaintiff does not seem to seriously disagree. It admits that the two cases are related under L.R. Civ. P. 40.1(E), and also admits that the two are "closely intertwined," that expert reports in the other will be applicable to this case, that discovery in the other will be used in this case, and that "most, but not all, of the discovery that would be necessary and appropriate in this case has already been completed in the Mikro Systems case." See Joint Statement at ¶¶ B, G. Nonetheless, counsel has refused to agree to consolidation now, stating that consolidation should wait until *after* discovery is completed herein.

That is completely unnecessary and illogical. Waiting until after discovery would vitiate any benefit to consolidation. It is plain *right now* that the two cases are close to identical in their facts and in the law. Plaintiff has even chosen to link otherwise unrelated legal issues by a chain of vicarious liability. It cannot be heard to object when its strategy results in a completely logical consolidation that will conserve resources for all parties and this Court alike.

    B.    The Consolidated Case Should Reopen Discovery On The One New Issue And Otherwise Allow All Parties To Seek Whatever Additional Discovery They Believe They Are Owed By Motion Or Otherwise[10]

All discovery necessary for the common issues between this case and the Mikro

---

[9] For instance, to evaluate the claim of a party in this case that he or it needs additional information, the Court will have to determine what if anything that party has received through the Mikro Systems Case.

[10] Counsel to Tecomet's position on this suggestion is uncertain at this time. Counsel discussed this suggestion in a teleconference of June 7, 2004, and counsel to Tecomet was going to advise Defendant's counsel of his position, but no position was thereafter communicated.

7

Systems Case – which are *all* the issues in this case save one – has already been completed, or is being sought, in the related Mikro Systems Case. The only new issue in this case upon which discovery has *not* been conducted for the past year is the allegation that Atkinson breached some sort of oral confidentiality agreement. The discovery period in the Mikro Systems Case has closed. Thus, if these cases are consolidated, discovery should be reopened upon that one issue, to be completed by August 31, 2004.[11]

This order would be without prejudice to the parties to the Mikro Systems Case continuing to work out any discovery disputes by motion or otherwise within the consolidated matter. The parties in that case continue to seek additional information on the theory that further discovery is necessary and appropriate given various discovery irregularities.[12] Those determinations can still be made in the consolidated matter.

If discovery is not so limited, then this case, whether consolidated or not, will serve as a secondary path for all the discovery any party sought in the Mikro Systems Case but did not receive due to discovery irregularities like late production, non-production, or over use of confidential designations. Counsel to Mikro Systems has plainly stated that, if he is unsuccessful in seeking in the Mikro Systems Case certain

---

[11] This Court adopted this as the discovery deadline for this case, to be re-examined along with its consideration of this Motion. Given the new information that the criminal case currently before Judge Woodlock will take six months to complete, counsel to Atkinson does not request revisiting this deadline, since it appears that under that deadline, this case will be ready for trial along with the Mikro Systems Case by the time the Court's calendar permits.

[12] A fair amount of discovery-related activity continues in the Mikro Systems Case. For instance, due to the alleged "late" production of one short document, Tecomet has served 46 additional document requests after the deadline and wishes to depose six people; Appleby and Atkinson for a second time, and up to four investors in Mikro Systems, Inc. Appleby and Mikro Systems have objected to the document request, and no action has been taken on the depositions. For its part, Tecomet produced thousands of pages of documents after the 30(b)(6) deposition, and offered no witness prepared to discuss damages information until after the production of its expert report, when discovery was closed. This Court has entered an order allowing the defendants in the Mikro System case to request further document de-designation on a per-document basis, seek additional relief thereafter, depose Tecomet on issues not previously covered, and to receive supplemented damage information. No actions have been taken on that order, due to previous settlement negotiations.

depositions he believes he should have gotten prior to that case's discovery deadline, that he will seek such discovery as of right herein. Similarly, Jim Atkinson will have had no opportunity to challenge the underlying assumptions or facts supporting Tecomet's damage calculations, since Tecomet did not disclose its damages until it served its expert report after the close of fact discovery.

Respectfully, that is an inefficient and duplicative use of this near-identical twin of the Mikro Systems Case. If a party thinks it should get additional discovery on the common issues, it should seek, or continue to seek, such information in the consolidated matter as it is currently doing in the Mikro Systems Case. Allowing this case to be a secondary path for that discovery would simply complicate matters and increase costs for all parties and this Court.

WHEREFORE, the Defendant James Atkinson respectfully requests that this case be consolidated for all pretrial purposes with the case of Tecomet, Inc. v. Mikro Systems, Inc., et al., 03-10409 DPW, and that discovery as of right in the consolidated matter be limited to the new issue of Atkinson's alleged breach of a confidentiality agreement, this order being without prejudice to any party's continued ability to seek additional discovery or information in the consolidated case on the common issues, not as of right, but by motion, in accordance with this Court's Order of April 12, 2004, or otherwise.

Respectfully submitted,

JAMES ATKINSON
By his attorney,

*(signature)*

Kevin S. Murphy (BBO# 638335)
YURKO & SALVESEN, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
(617) 723-6900

Date:   June 9, 2003

### Certification Pursuant To Local Rules 7.1 and 37.1

The above-signed certifies that the parties have conferred in good faith in an attempt to resolve the issues raised herein but were unable to do so. Such conference was held by telephone on June 7, 2004. The participants were Kevin S. Murphy and Edward S. Mazurek. In addition, the issues raised by this Motion were discussed among counsel in a telephone conversation prior to the Rule 16(b) status conference in May 2004, during the discussion of the required joint statement.

## CERTIFICATE OF SERVICE

I hereby certify that I am causing a true and correct copy of the foregoing Motion To Consolidate And Incorporated Statement Of Reasons to be served by mail on counsel of record for the Plaintiff Tecomet, Inc.:

Edward S. Mazurek, Esquire
Jeremy P. Blumenfeld, Esq.
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921

Christopher R. O'Hara, Esq.
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109

on this 9th day of June, 2004.

_____
Kevin S. Murphy