IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TECOMET, INC.  )<br>  )<br>  )<br>         Plaintiff,  )<br>     v.  )<br>  )<br>JAMES ATKINSON  )<br>  )<br>         Defendant.  )<br>  ) | C.A. No. 04-10424-DPW |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR CONSOLIDATION**

This case is not yet appropriate for consolidation with Tecomet v. MikroSystems, Inc., et al., 03-10409 DPW (the "MikroSystems" case). In this case, Tecomet, Inc. ("Tecomet") is suing James Atkinson, a former consultant whom it retained to perform sensitive research projects for Tecomet and who then misappropriated Tecomet's trade secrets and confidential information for his own benefit. Unquestionably, this case bears a relationship to the MikroSystems case. However, this case was filed after formal discovery in the MikroSystems case had closed and after a Business Plan was belatedly produced by MikroSystems on Jaunuary 30, 2004, after discovery closed in that case. The information in that Business Plan strongly supports Tecomet's claims not only against the defendants in the MikroSystems case, but also against Atkinson individually.

As this Court has observed:

> In determining whether to order consolidation, the court must first ask whether the two proceedings involve a common party and common issues of fact or law. Once that determination has been made, the court has "broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." If the threshold questions

>are resolved in favor of consolidation, it will usually be allowed unless the opposing party can demonstrate prejudice.

Willard v. Town of Lunenburg, 202 F.R.D. 57, 59 (D. Mass. 2001) (citations omitted) (motion to consolidate denied).

Atkinson is not a party in the MikroSystems case. Unlike two of his co-conspirators who are parties in the MikroSystems case, Atkinson was never an employee of Tecomet but instead was an outside consultant. Atkinson claims he never signed a confidentiality agreement with Tecomet, while two parties in the MikroSystem case indisputably did. Accordingly, this case has different parties and many different legal issues than the MikroSystems case.

If this case were consolidated with MikroSystems at this early stage as Atkinson suggests, Tecomet would be deprived of its right to conduct full and fair discovery as provided by the Rules of Civil Procedure. Tecomet is not interested in rehashing discovery already completed in the MikroSystems case. But, Atkinson should not be heard to complain about being subjected to full discovery in connection with substantial claims asserted against him in good faith in accordance with Fed. R. Civ. P. 11. Of course, if, during discovery in this case, Atkinson believes that Tecomet is not entitled to certain discovery for whatever reason, counsel for the parties can confer to resolve the matter and if agreement cannot be reached, the parties may file appropriate motions.

Tecomet intends to take discovery in this case as permitted under the Federal Rules in connection with its claims against Atkinson, within a rather short period of time since discovery closes on August 31, 2004. Consolidation of the litigation serves no useful purpose at this juncture. It would simply serve as a vehicle through which Atkinson and, even more importantly, the defendants in the MikroSystems case would

seek to restrict Tecomet's rights to engage in full and fair discovery in connection with the wrongdoing Atkinson has committed.[1]

In fact, Atkinson goes so far as to argue that he should not be subject to discovery on any particular matter if there were some "irregularity" with discovery pertaining to that matter in the MikroSystems case. That argument is nonsensical. For example, Atkinson apparently believes that he should be immune from discovery with respect to the MikroSystems Business Plan that was intentionally withheld from production by MikroSystems for over seven months and was only produced well after discovery closed in the MikroSystems case. Atkinson is specifically and expressly referenced in that document at length as are subjects on which Atkinson was engaged by Tecomet to conduct research and make recommendations. Atkinson should not fairly be permitted to benefit from MikroSystems' improper discovery practices where Tecomet has good faith, legitimate and substantial claims against him individually.

---

[1] It is important to note that discovery in the MikroSystems case has been marred, not only by MikroSystems' dilatory tactics, but also by MikroSystems' refusal to meet and confer meaningfully over various discovery matters opting instead to file vitriolic motions with the Court in that case. By declining to consolidate this case with the MikroSystems case at this juncture, the Court would lessen the ability of MikroSystems to impede discovery in this case which is schedule to close on August 31, 2004.

Were this case consolidated in the manner prescribed by Atkinson, Tecomet would be unduly prejudiced in being deprived of its right to engage in full and fair discovery against Atkinson individually. Accordingly, Tecomet respectfully submits that Atkinson's Motion to Consolidate should be denied.

Respectfully submitted,

TECOMET, INC.

By its attorneys,


/s/Christopher R. O'Hara      .
Christopher R. O'Hara
(BBO# 548611)
**TODD & WELD LLP**
State Street, 31st Floor
Boston, MA  02109
(617) 720-2626
Local Counsel:


/s/ Edward S. Mazurek
Edward S. Mazurek
Kevin Fee
Jeremy Blumenfeld
**MORGAN, LEWIS & BOCKIUS, LLP**
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5000


Dates: June 23, 2004