IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 NOV -5  P 12: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

TECOMET, INC.,

  Plaintiff,

v.

JAMES ATKINSON,

  Defendant.

C.A. NO. 04-10424 DPW

## DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES AND INCORPORATED STATEMENT OF REASONS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant James Atkinson moves this Court for an Order to Compel Plaintiff to respond to *Defendant James Atkinson's First Request for Production of Documents to Plaintiff* (the "Document Requests"), and *James Atkinson's First Set of Interrogatories to Plaintiff* (the "Interrogatories"). In support of this Motion, Atkinson states as follows.

On July 9, 2004, Atkinson served upon Plaintiff the Document Requests and Interrogatories. Due to pending settlement negotiations, the date for response was extended by agreement until August 13, 2004. No further extension was agreed upon. Plaintiff has, as of this filing, not provided a single response to the Document Requests or Interrogatories. Plaintiff is thus almost three months overdue in its responses and has failed to respond within the time permitted by Fed. R. Civ. P. 33 and 34. Atkinson is therefore entitled to an order compelling the Plaintiff to respond. See Fed. R. Civ. P. 37.

Atkinson attempted to obtain Plaintiff's responses without resort to a motion after August 13, 2004, repeatedly requesting the missing production both in writing and verbally. See Exh. A

(multiple correspondences seeking production). Plaintiff never provided any responses. Instead, Plaintiff insisted upon a confidentiality stipulation prior to production, and suggested one identical to that used in the sister case to this one. See Exh. A (letter of August 13, 2004). Given Plaintiff's abuse of that agreement in the sister case, Atkinson refused to sign the identical agreement, told Plaintiff of his reservations, and advised Plaintiff to suggest different language in view of those reservations. See Exh. A (letter of August 16, 2004).

Plaintiff then did nothing for six weeks, despite additional requests from Atkinson for discovery. See Exh. A (letters of August 18 and September 21, 2004). On September 28, 2004, Plaintiff simply refused to attend duly-noticed depositions for the following two days. It also informed Atkinson that it had not provided written discovery apparently because *Atkinson* did not take it upon himself to draft the confidentiality agreement which *Plaintiff* wanted. See Exh. A (letters of September 28, 2004).

Instead of filing this Motion immediately, Atkinson tried yet again to work with the Plaintiff. On October 5, 2004, Atkinson's counsel even went so far as to give Plaintiff's counsel ideas on how to draft its own confidentiality agreement. And on October 6, 2004, Atkinson again forbore from filing this Motion, in exchange for Plaintiff's agreement to:

1. Transmit a draft confidentiality agreement by October 11, 2004
2. Reach agreement on such an agreement by October 15, 2004
3. Produce documents under that agreement (which could take the form of simply designating for confidentiality documents already exchanged in the sister case) by October 22, 2004
4. Hold the unilaterally cancelled depositions by October 29, 2004.

See Exh. A (letter of October 6, 2004).[1] But the Plaintiff completely ignored the agreed-upon schedule, refusing even to take the first step to provide a proposed confidentiality stipulation which *it itself* insists upon. Plaintiff thereafter ignored letters asking the status of the schedule and advising that this Motion would be filed. See Exh. A (letters of October 13 and 29, 2004).

WHEREFORE, Atkinson respectfully requests that this Court order Plaintiff to respond to *Defendant James Atkinson's First Request for Production of Documents to Plaintiff* and *James Atkinson's First Set of Interrogatories to Plaintiff*, including producing the documents responsive thereto, within five days. In the interim, Atkinson stands ready to consider reasonable confidentiality provisions should the Plaintiff ever propose them.

Respectfully submitted,

JAMES ATKINSON
By his attorney,

_____
Kevin S. Murphy (BBO# 638335)
YURKO & SALVESEN, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
(617) 723-6900

Date: November 5, 2003

Certification Pursuant To Local Rules 7.1 and 37.1

The above-signed certifies that the parties have conferred in good faith in an attempt to resolve the issues raised herein but were unable to do so. Conferences relating to Tecomet's production of documents, and the timing thereof, were held by telephone on July 27, 2004 between Kevin Murphy and Jeremy Blumenfeld, by voicemail communications to Mr. Blumenfeld from Mr. Murphy on August 12, 16 and 19, 2004, by voicemail from Mr. Murphy to Edward Mazurek on August 17, 2004, and by teleconferences between Mr. Murphy and Mr. Blumenfeld on September 28, 2004, October 4, 2004, and October 5, 2004. The issue of Tecomet's discovery responses was also raised in letters of August 16 and 18, 2004, September 21 and 28, 2004 and October 1, 4, 6, 13 and 29, 2004 from Mr. Murphy to Plaintiff's counsel. See Exhibit A.

---

[1]   The Plaintiff also recognized and agreed that, when Atkinson moved to consolidate this case for trial with the sister case of Tecomet, Inc. v. Mikro Systems, No. 03-10709, the Plaintiff could not assert that some sort of prejudice results from the discovery status in this case, which status is totally of Plaintiff's own making.

3

## CERTIFICATE OF SERVICE

I hereby certify that I am causing a true and correct copy of the foregoing Motion To Compel Discovery Responses And Incorporated Statement Of Reasons to be served on counsel of record for the Plaintiff Tecomet, Inc.:

>   VIA MAIL
>   Edward S. Mazurek, Esquire
>   Jeremy P. Blumenfeld, Esq.
>   MORGAN, LEWIS & BOCKIUS, LLP
>   1701 Market Street
>   Philadelphia, PA 19103-2921
>
>   VIA HAND DELIVERY AND MAIL
>   Christopher R. O'Hara, Esq.
>   TODD & WELD LLP
>   28 State Street, 31st Floor
>   Boston, MA 02109

on this 5th day of November, 2004.

_Kevin S. Murphy_

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Jeremy P. Blumenfeld
215.963.5258
jblumenfeld@morganlewis.com

August 13, 2004

### VIA FACSIMILE & FIRST CLASS MAIL

Kevin S. Murphy, Esquire
Yurko & Salvesen, P.C.
One Washington Mall, 11th Floor
Boston, MA  02108-2603

Re:   Tecomet, Inc. v. Atkinson, No. 04-10424-DPW
      Tecomet, Inc. v. Mikro Systems, Inc., et al. No. 03-10709-DPW

Dear Kevin:

This will letter will follow-up on my telephone calls to you of the last two days and your voicemail to me of yesterday evening.

When we previously discussed an extension of time to respond to your interrogatories and document requests in the above-matter, you suggested that you were more likely to agree to an extension of time if the Court granted the parties' joint request to extend discovery. As you know, the joint extension of time for discovery was made so that the parties can pursue settlement, which settlement discussions I understand are ongoing and continue to be fruitful. Accordingly, I am requesting a one week extension of time to respond to your discovery requests until August 20, 2004. Please let me know as soon as possible whether you will agree to this extension. Hopefully, the parties can resolve this matter and avoid the time and expense of responding to discovery.

In addition, we cannot produce responsive documents or respond to the interrogatories until an appropriate order of confidentiality is entered. We are agreeable to entry of an order identical in terms to the one entered in the related Mikro Systems litigation. If you are agreeable to that as well, please let me know. Lastly, our objections in the document requests and interrogatories in

# Morgan Lewis
COUNSELORS AT LAW

Kevin S. Murphy, Esquire
August 13, 2004
Page 2

the Atkinson litigation are the same in form and substance to those we made in the related Mikro Systems litigation.

Please let me know as soon as possible whether you are willing to agree to the extension of time and the confidentiality order.

Sincerely,

Jeremy P. Blumenfeld

JPB/sdm

cc: Edward S. Mazurek, Esq.

# YURKO & SALVESEN, P.C.

One Washington Mall, 11th Flr.
Boston, MA 02108-2603
Tel:   617.723.6900
Fax:   617.723.6905
www.bizlit.com

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Kevin S. Murphy†*

Michael S. Bonner‡
Matthew C. Welnicki†
Nicole M. King

Of Counsel
Michael W. Parker

† Also admitted in CT
‡ Also admitted in NH
* Also admitted in NY

August 16, 2004

**VIA FACSIMILE AND REGULAR MAIL**

Jeremy Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

    Re:    Tecomet, Inc. v. Atkinson, No. 04-10424-DPW
             Tecomet, Inc. v. Mikro Systems, Inc., et al. No. 03-10709-DPW

Dear Mr. Blumenfeld:

      As I advised you on your voicemail machine last Thursday, I was out of the office on Friday but today received your faxed letter dated Friday, August 13, 2004 and the mailed version. As I stated on my voicemail message to you earlier today, I am willing to discuss an additional extension of time for Tecomet to respond to discovery as you request in your August 13, 2004 letter. You should call me if you want to discuss that. In the course of that call I'd also like to discuss (1) Tecomet's response to the detailed requests for re-classification of highly confidential documents we provided almost one month ago, and (2) a plan for continuation of that process. As you know, I have asked you repeatedly orally and in writing for the status of those two items over the past four weeks. Please refer to my letters of July 27, 2004, July 30, 2004 and August 9, 2004.

      I seriously doubt that Mr. Atkinson will be able to agree to a confidentiality agreement similar to that used in the Mikro Systems case. Tecomet's misuse of that agreement, and its successful shifting of the burden of confidentiality to the non-producing parties makes a similar agreement untenable here. Judge Cohen essentially told the defendants that if we did not like the arrangement we should not have agreed to it. The arrangement has proved unworkable given Tecomet's rendering 95% of documents invisible to the defendants, so you will have to suggest some other solution. In the popular parlance, "fool me once, shame on you, fool me twice, shame on me."

## YURKO & SALVESEN, P.C.

Jeremy Blumenfeld
August 16, 2004
Page 2

    As I also stated on your machine this morning, I am postponing the depositions of Joseph Buturlia and Robert Lynch I noticed for this week, in view of the fact that written discovery has not been provided. If you wish to discuss Tecomet's request for an additional extension of time, please call me. I will forbear from filing any motion to compel for now.

                                        Very truly yours,

                                        Kevin S. Murphy

# YURKO & SALVESEN, P.C.

One Washington Mall, 11th Flr.
Boston, MA 02108-2603
Tel: 617.723.6900
Fax: 617.723.6905
www.bizlit.com

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Kevin S. Murphy†*

Michael S. Bonner‡
Matthew C. Welnicki†
Nicole M. King

Of Counsel
Michael W. Parker

† Also admitted in CT
‡ Also admitted in NH
* Also admitted in NY

August 18, 2004

**VIA FACSIMILE**

Edward S. Mazurek
Jeremy Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Re:   Tecomet, Inc. v. Mikro Systems, Inc., et al. C.A. No. 03-10709-DPW
      Tecomet, Inc. v. Atkinson, C.A. No. 04-10424-DPW

Gentlemen:

I have not heard from either of you after my offer to negotiate an additional extension for Tecomet to provide discovery in the Atkinson case. As you know Tecomet is currently overdue in providing responses to Mr. Atkinson's written requests. Please advise me today regarding when I can expect responses so I will not have to file a motion to compel.

Regarding the Mikro Systems case, I have now asked four times in writing and at least three times verbally for (1) a response to our detailed requests (made at the July 21, 2004 meeting) for re-classification of highly confidential documents; and (2) scheduling of additional meetings or your response to my alternative solution. I have received no response from you whatsoever. If I do not receive a response by this week I will be forced to file a motion regarding this issue as well.

Very truly yours,

Kevin S. Murphy

# YURKO & SALVESEN, P.C.

One Washington Mall, 11th Flr.
Boston, MA 02108-2603
Tel:   617.723.6900
Fax:   617.723.6905
www.bizlit.com

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Kevin S. Murphy†*

Michael S. Bonner‡
Matthew C. Welnicki†
Nicole M. King

Of Counsel
Michael W. Parker

† Also admitted in CT
‡ Also admitted in NH
* Also admitted in NY

September 21, 2004

**VIA FACSIMILE AND MAIL**
Edward S. Mazurek
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

**VIA HAND DELIVERY**
Christopher R. O'Hara, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109 (by hand delivery)

Re:    Tecomet, Inc. v. Atkinson, C.A. No. 04-10424-DPW

Dear Ed:

As you know we have but two weeks to complete discovery in the Atkinson case. I have not received discovery responses nor been able to depose Lynch or Buturlia pursuant to my previous notices. I enclose re-notices for September 29th and 30th in the expectation that you can get me documents and written responses at least by Monday the 27th. If this is not possible or if you have another proposal please let me know.

Very truly yours,

Kevin S. Murphy

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com



# Morgan Lewis
COUNSELORS AT LAW

**Jeremy P. Blumenfeld**
215.963.5258
jblumenfeld@morganlewis.com

September 28, 2004

**VIA FACSIMILE & FIRST CLASS MAIL**

Kevin S. Murphy, Esquire
Yurko & Salvesen, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108-2603

Re:   Tecomet, Inc. v. Atkinson, No. 04-10424-DPW
      Tecomet, Inc. v. Mikro Systems, Inc., et al. No. 03-10709-DPW

Dear Kevin:

Your letter of September 21, 2004 has been received. You no doubt are well aware that the parties are engaged in significant settlement discussions. These discussions have progressed to the point where the parties are exchanging draft agreements. As you know, one of the principle reasons for our client to enter into these settlement discussions (and, I suspect, your clients as well) is to avoid additional costs of litigation. Accordingly, we suggest that the parties request from the court a further extension of discovery so that these negotiations can be completed and the agreement finalized. Please let me know if you are agreeable to this proposal.

In any event, we had proposed several weeks ago that the parties agree to a confidentiality order similar to that agreed to in the Appleby litigation before any discovery is exchanged. To date, and although you have refused to agree to an order identical to the Appleby order, you have proposed no alternative form of confidentiality order, despite my request. We therefore are still waiting for a proposed confidentiality order from you. Please let me know if you are agreeable to a confidentiality order and suggest proposed terms for that order (to the extent you believe they should be different from the terms of the order in the Appleby matter).

**Morgan Lewis**
COUNSELORS AT LAW

Kevin S. Murphy, Esquire
September 28, 2004
Page 2

Lastly, because of the impending settlement, the fact that you have not proposed a confidentiality order, and your request that the depositions only proceed if documents were produced (which again, is dependent on a confidentiality order), we do not believe the depositions of Bob Lynch and Joe Burtulia should proceed as currently noticed (unilaterally by you). If necessary, we are, of course, willing to schedule those depositions (and the depositions of Mr. Appleby, Mr. Frazer, and Mr. Atkinson) for a mutually convenient date and time.

Thank you for your consideration of this matter.

Sincerely,

Jeremy P. Blumenfeld
JPB/sdm

cc:   Edward S. Mazurek, Esq.

# YURKO & SALVESEN, P.C.

One Washington Mall, 11th Flr.
Boston, MA 02108-2603
Tel:  617.723.6900
Fax: 617.723.6905
www.bizlit.com

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Kevin S. Murphy†*

Michael S. Bonner‡
Matthew C. Welnicki†
Nicole M. King

Of Counsel
Michael W. Parker

† Also admitted in CT
‡ Also admitted in NH
* Also admitted in NY

September 28, 2004

**VIA FACSIMILE AND REGULAR MAIL**

Jeremy Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

    Re:    <u>Tecomet, Inc. v. Atkinson</u>, No. 04-10424-DPW

Dear Mr. Blumenfeld:

    From your letter of today as well as our teleconference, I understand that neither Joseph Buturlia nor Robert Lynch will appear for their duly-noticed depositions tomorrow or Thursday. As you know, this is the first I have heard from anybody at Morgan Lewis on these depositions despite my faxing you the letter and notices a week ago and hand-delivering them to your local counsel. In fact, to elicit your letter of today took me three calls to each of you, Ed Mazurek, and Ken Davis seeking to confirm that the deponents would attend.

    As you know, the discovery deadline in this case is Thursday, September 30, 2004. I will seek to conduct these depositions after that date due to your unilateral cancellation at the last hour. Also, my repeatedly asking for documents and interrogatory responses which your client is now weeks overdue in producing has not borne fruit, so I will file a motion to compel with the court. However, as a courtesy (and in view of the ongoing settlement talks) I will notify you before I file it.

    Lastly, though it hardly seems necessary to say, since it is your client which requested a confidentiality agreement, your client is responsible for coming up with workable language. I already told you in a letter of August 16, 2004 – six weeks ago – that Atkinson could not agree to the same agreement as in the MSI case, and advised you to make another proposal. In that letter I even detailed my concerns with that agreement so you could address them.

## YURKO & SALVESEN, P.C.

Jeremy Blumenfeld
September 28, 2004
Page 2

      As I mentioned to you on the phone, I cannot agree to extending the discovery date in this case – both because we have no certainty that such a motion would be granted, and because we have a firm pretrial date in the MSI case which I want this case consolidated with for trial. Your client has so far resisted consolidation of these identical cases, but an agreement to consolidate for trial might alleviate some of the pressure.

      Very truly yours,

Kevin S. Murphy

# YURKO & SALVESEN, P.C.

One Washington Mall, 11th Flr.
Boston, MA 02108-2603
Tel: 617.723.6900
Fax: 617.723.6905
www.bizlit.com

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Kevin S. Murphy†*

Michael S. Bonner‡
Matthew C. Welnicki†
Nicole M. King

Of Counsel
Michael W. Parker

† Also admitted in CT
‡ Also admitted in NH
* Also admitted in NY

October 6, 2004

**VIA FACSIMILE AND REGULAR MAIL**

Jeremy Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

    Re:    <u>Tecomet, Inc. v. Atkinson, No. 04-10424-DPW</u>

Dear Mr. Blumenfeld:

    This letter will confirm our discussion of a moment ago. I agreed to forebear, for the time being, from filing a motion to compel Tecomet to produce documents and responses to Atkinson's written discovery. In exchange, you have agreed that Tecomet will not raise the status of discovery or procedural posture of the two cases as a reason to deny consolidation of this case for trial with the Mikro Systems case. In addition, you have agreed to the following schedule for production of documents and completion of discovery:

1. Transmittal of a draft confidentiality stipulation on or about Monday, October 11, 2004. I understand you have depositions that day and so the actual transmission may be a day or so sooner or later. As you know, I proposed a couple of ideas for the general structure of such a stipulation yesterday on our phone call.
2. Finalize agreement on confidentiality stipulation by October 15, 2004.
3. Production of documents and other responses to written discovery by October 22, 2004. Depending on what the eventual confidentiality stipulation says, this "production" may actually take the form of re-marking or otherwise categorizing documents we already possess from the Mikro Systems case.
4. Depositions of Bob Lynch and Joe Buturlia by October 29, 2004. If they cannot sit that week due to scheduling problems we will depose them in any event by November 5, 2004.

## YURKO & SALVESEN, P.C.

Jeremy Blumenfeld
October 6 2004
Page 2

Of course, if these deadlines are not met, I will file the motion to compel forthwith. But I hope this agreement will allow the maximum freedom for our clients to continue to explore settlement.

Very truly yours,

Kevin S. Murphy

# YURKO & SALVESEN, P.C.

One Washington Mall, 11th Flr.
Boston, MA 02108-2603
Tel:   617.723.6900
Fax:  617.723.6905
www.bizlit.com

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Kevin S. Murphy†*

Michael S. Bonner‡
Matthew C. Welnicki†
Nicole M. King

Of Counsel
Michael W. Parker

† Also admitted in CT
‡ Also admitted in NH
* Also admitted in NY

October 13, 2004

**VIA FACSIMILE**

Jeremy Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Re:   Tecomet, Inc. v. Atkinson, No. 04-10424-DPW

Dear Mr. Blumenfeld:

This letter is a reminder that we had agreed that you would get me a draft of a proposed confidentiality stipulation by early this week. Our agreed deadline for finalizing such an agreement on confidentiality is Friday, October 15, 2004. Obviously if we do not keep to our agreed schedule I will have to file the motion to compel, but I trust we can avoid that. I am generally available for the rest of the week at least through Friday mid-day.

Very truly yours,

Kevin S. Murphy

## YURKO & SALVESEN, P.C.

One Washington Mall, 11th Flr.
Boston, MA 02108-2603
Tel:  617.723.6900
Fax:  617.723.6905
www.bizlit.com

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Kevin S. Murphy†*

Michael S. Bonner‡
Matthew C. Welnicki†
Nicole M. King

Of Counsel
Michael W. Parker

† Also admitted in CT
‡ Also admitted in NH
* Also admitted in NY

October 29, 2004

**VIA FACSIMILE**

Jeremy Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921

Re:   Tecomet, Inc. v. Atkinson, No. 04-10424-DPW

Dear Mr. Blumenfeld:

We are well beyond all the dates we had agreed upon to complete discovery. In fact, the deadline for finalizing a confidentiality stipulation was fourteen days ago. I have not seen any draft from you. Please send me the draft Monday morning or I will file the motion to compel Monday afternoon.

Very truly yours,

Kevin S. Murphy